IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
CALVIN COMPTON #B-38874, )
                      Petitioner, )
   v.                      )    No. 12 C 6789
WARDEN MARCUS HARDY, )
                      Respondent. )

MEMORANDUM OPINION AND ORDER

Calvin Compton ("Compton") has filed a self-prepared Petition for Writ of Habeas Corpus ("Petition")[1] in which he challenges his September 18, 1992 (yes, 1992!) conviction on a charge of first-degree murder on which he is serving a 75-year sentence, to be followed by a consecutive 25-year term for an armed robbery conviction. But as the ensuing analysis reveals, that effort to obtain federal relief is--unsurprisingly--far out of time.

Needless to say, the first question that almost literally jumps off the first page of the Petition is just how Compton can manage to have a challenge to a two-decades-old conviction survive in the face of the one-year period of limitation decreed

---

[1] Although Compton has employed the printed form provided by the Clerk's Office for that purpose, its seven pages are followed by a 41-page typewritten treatise, followed in turn by a nine-page handprinted section captioned "Claims for Review" and five exhibits. Thus this is one of the few instances in which "self-prepared" is an accurate characterization of a Petition that uses the Clerk's-Office-supplied form.

by Congress in 28 U.S.C. §2244(d).[2]  On that score Compton's magnum opus devotes fully 25 pages to such matters as the history of the "Great Writ," the "Nature and Procedures of a Habeas Corpus Action" (with a number of subheadings) and a brief section captioned "The Allegations of This Petition Must Be Accepted as True" before he turns at last to "Standards of Review," beginning with what he labels "Applicability of the AEDPA," which he accurately describes as "a threshold question."

Regrettably Compton's ensuing discussion talks all around the issue, assertedly analyzing circumstances that do or do not bring Section <u>2254(d)</u> into play.  Not a word is said however about Section <u>2244(d)</u>, which was just as much a part of the 1996 enactment known familiarly as "AEDPA" and which prescribed the time limits within which the substantive provisions of Section 2254(d) may be applied.

And it is not as though such silence on Compton's part as to the key issue of untimeliness can be considered an oversight. Any such possibility is belied by the lengthy and comprehensive nature of Compton's 50-page submission on every facet of federal habeas review <u>except</u> that of timeliness.

Instead this Court holds that Compton's total avoidance of the obvious question of limitations has to be viewed as studied

---

[2]  All further references to Title 28's provisions will simply take the form "Section--."

and deliberate--the only logical conclusion from Compton's prolix submission that does not speak at all to his own situation and to the extraordinarily lengthy period of time that has elapsed since his conviction. This Court has perforce been required to ferret out the situation in terms of Compton's efforts at direct review and collateral proceedings in the state court system, as sketchily revealed in Parts I and II of the printed form.

That search has brought this Court to the most recent rejection by the Illinois Appellate Court for the First District of Compton's multiple post-conviction collateral challenges--that court's March 31, 2011 unpublished order in its Case No. 1-09-1433. That order reveals that Compton has sought to go to the post-conviction well no fewer than four times, the last of which he had asked leave to file on March 27, 2009. As the Appellate Court's order stated in part in affirming the denial of that fourth effort (statutory reference retained, case citations omitted):

> The Post-Conviction Hearing Act (the Act)(725 ILCS 5/122-1 et seq.(West 2008)) contemplates the filing of only one post-conviction petition, and a defendant bringing a successive petition "faces immense procedural default hurdles." A successive post-conviction petition may be filed only upon leave of court where a petitioner demonstrates both cause for the failure to bring the claim in an initial post-conviction proceeding and prejudice resulting from that failure. 725 ILCS 5/122-1(f)(West 2008). To establish cause, the defendant must show some objective factor external to the defense that impeded his ability to raise the claim in the initial post-conviction proceeding, and to establish prejudice, the defendant

3

>must show the claimed constitutional error so infected his trial that the resulting conviction violated due process.

It is true that on September 28, 2011 the Illinois Supreme Court denied leave to appeal from the Appellate Court's confirmation of the dismissal of that fourth effort (the Supreme Court's action is reported in the table at 955 N.E.2d 473), so that less than a year has elapsed between <u>that</u> denial and Compton's current Petition. But any effort on his part to bootstrap himself into obtaining federal habeas relief by treating that less-than-one-year period to overcome the AEDPA prohibition is fatally flawed for more than one reason.

For one thing, such an attempt flies directly in the face of the literal language of Section 2244(d)(2), which treats only a period or periods "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is <u>pending</u>" as tolling the one-year clock prescribed by Section 2244(d)(1). Sporadic efforts to obtain post-conviction relief from a state court system, such as those essayed by Compton from time to time, do not stay the ticking of the one-year clock under Section 2244(d)(1). And in that respect, none of the potential alternative dates listed in subsections (B), (C) or (D) of that section is implicated here, so that the one-year clock began to tick on "the date on which the judgment became final by the conclusion of direct review or

the expiration of the time for seeking such review" (Section 2244(b)(1)(A)).

Indeed, even were that not the case, the Illinois Appellate Court's March 11, 2011 order clearly invoked an independent and adequate state ground for upholding the dismissal of Compton's fourth state court post-conviction petition--his failure to show both cause and prejudice. And that alone would independently knock him out of the box here.

In summary, it is an understatement to say (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts) that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." That being the case, the same Rule 4 states that "the judge must dismiss the petition and direct the clerk to notify the petitioner." This Court does so.[3]

                                         _____
                                         Milton I. Shadur
                                         Senior United States District Judge

Date: August 29, 2012

---

[3] In light of this dismissal, Compton's In Forma Pauperis Application and Motion for Appointment of Counsel are both denied as moot.